ALLEN N. DAYAN
745 W. 4th Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: dayanlaw@acsalaska.net

Attorney for:
Defendant James Mark Tuohy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No.3:06-cr-00057-RRB |
| JAMES MARK TUOHY, | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM AND FACTORS IN CONSIDERATION OF SENTENCE**

COMES NOW the Defendant, James M. Tuohy by and through his counsel Allen N. Dayan, and files his sentencing memorandum and factors in consideration of his sentence.

The sentencing range in this case is from 33 to 41 months.

**Proposed sentence:**

Mr. Touhy to be sentenced to serve a sentence of 30 months in a federal facility followed with 3 years supervised release.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Mr. Tuohy is 35 years old. Mr. Tuohy was charged in violation of 18 U.S.C. §922(g)(1), Felony in Possession of a Firearm, a Class C felony. Mr. Tuohy's prior criminal history is 13 years old when he was 20 and 22 years old. Since that time Mr. Tuohy has become a contributing member of society. He is a business owner who provides the invaluable service of changing tires for the Community of Haines, Alaska.

The sentencing emphasis in case should be deterrence to other similarly situated.

**ARGUMENT**

The decision in <u>United States v. Booker</u>, 125 S.Ct. 735, (2005), holds that the Federal Sentencing Guidelines are advisory. District Courts must consult the Guidelines but are required to take into account the provisions set forth in 18 U.S.C. § 3553(a) when determining the particular sentence to be imposed.

The relevant factors set forth in 18 § 3553 for sentencing are:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph

(2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed--

     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B) to afford adequate deterrence to criminal conduct;

     (C) to protect the public from further crimes of the defendant; and

     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for--

     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

       (i) issued by the Sentencing Commission pursuant to <u>section 994(a)(1) of title 28, United States Code</u>, subject to

any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

These factors provide a common sense approach to protect society, reaffirm societal norms and provide treatment for the defendant.

**Consideration of the 3553(a) Factors**

A. **SENTENCE THAT REFLECTS THE SERIOUSNESS OF THE OFFENSE and PROVIDES ADEQUATE DETERRANCE TO OTHERS**

The proposed sentence of 30 months in a federal facility with 3 years supervised release is warranted to reflect the seriousness of the offense, provide punishment, and instill deterrence and to demonstrate to the public and Mr. Tuohy that this behavior will not be tolerated by society.

B.  **SENTENCE THAT PROTECTS THE PUBLIC FROM FURTHER CRIME OF THE DEFENDANT**

The likelihood of recidivism by a 35 year old is very low. In fact, according to a United States Sentencing Commission Report released in May, 2004, "Recidivism rates decline consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates." *See* U.S.S.C., Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at http://www.ussc.gov/publicat/Recidivism_General.pdf. The report states, "Among all offenders under age 21, the recidivism rate is 35.6% while offenders age 35 have a recidivism rate of 22.7% According to the Commission Report, for criminal history category II, offenders like defendant Tuohy, the recidivism rates were as follows:

| Age at Sentence | Category II Percent Recidivating |
|---|---|
| Under age 21 | 35.6% |
| Ages 21-25 | 29.1% |
| Ages 26-30 | 27.3% |
| Ages 31-35 | 22.7% |
| Ages 36-40 | 23.2% |
| Ages 41-50 | 13.3% |
| Ages over 50 | 13.9% |

6

*Id.* at 28. The positive correlation between age and recidivism is impossible to deny.

Under the guidelines, the age of the offender is not ordinarily relevant in determining the sentence. *See* § 5H1.1. But under § 3553(a)(2)(C), age of the offender is plainly relevant to the issue of "protecting the public from further crimes of the defendant." *See also* Booker, 125 S. Ct. at 765.

In United States v. Nellum, 2005 U.S. Dist. LEXIS 1568. the court stated: "What complicates this task [of sentencing] after Booker is that many of the §3553(a) factors – such as the history and characteristics of the defendant, See §3553(a)(1) – are factors that the guidelines 'either reject or ignore.'"

The Guidelines sentencing scheme violated not just the Sixth Amendment, but 18 U.S.C. §3661: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," cited in Breyer, J., slip op., 8. The Guidelines placed *every* limitation on the courts' consideration of such matters – except for prior bad and

uncharged acts, criminal history (including arrests not resulting in conviction, a common element of PSRs), the all-inclusive "relevant conduct" and other negative information. The tacit purpose of the Sentencing Guidelines wasn't just to ensure consistent sentences, but to ensure <u>longer</u> sentences. The Guidelines were effectively a prosecution brief – and not a "virtual" prosecution brief, either.

**Conclusion:**

Mr. Tuohy deeply regrets his conduct and asks the court to accept his plea agreement with the government and the recommendation by the U.S. Probation Officer and sentence him to serve 30 months in a federal facility with 3 years supervised release.  This sentence meets all sentencing goals.

DATED this 7th day of September, 2006, at Anchorage, Alaska.

<u>S/Allen N. Dayan</u>
745 W. 4th Avenue, Suite 230
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: dayanlaw@acsalaska.net
Alaska Bar No. 8811179

<u>Certificate of Service</u>

I hereby certify that on July 3rd 2006, a copy of the foregoing Sentencing Memorandum and Factors in Consideration of Sentence was Electronically Served on ASUSA David Nesbett and U.S. Probation Officer Timothy Astle


S/Allen N. Dayan